DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, which temporarily enjoined appellant, Steven F. Baldesari, and appellee, Tomasa Baldesari, from moving the children, or enrolling them in a school, outside Lucas County until a further hearing could be held. From that judgment, appellant raises the following assignments of error:
"ASSIGNMENT OF ERROR NUMBER ONE
 THE TRIAL COURT ERRED IN RESTRICTING APPELLANT (CUSTODIAN OF THE MINOR CHILDREN OF APPELLANT AND APPELLEE) FROM MOVING THE MINOR CHILDREN WITH HIM TO CUYAHOGA COUNTY, OHIO FOR A NEW JOB STATUS, WHERE SUCH RESTRICTION WAS ORDERED WITHOUT HEARING.
"ASSIGNMENT OF ERROR NUMBER TWO
 THE COURT HAD NO AUTHORITY (WITH OR WITHOUT HEARING) TO ENTER AN ORDER RESTRICTING THE APPELLANT FROM CHANGING THE SCHOOL DISTRICT OF THE MINOR CHILDREN, BY REASON OF THE FINAL JUDGMENT ENTRY IN THIS MATTER."
Appellant and appellee were divorced on October 31, 1997. Incorporated into the final judgment entry of divorce was a Shared Parenting Plan that defined the parties' rights and responsibilities with respect to their two minor children, Savanna Alexis, born November 4, 1992, and Louis Shane, born May 12, 1995. In pertinent part, the Shared Parenting Plan designated appellant as the primary residential parent but stated that when the children were in appellee's possession, she would be considered the residential parent for legal and practical purposes. With regard to schooling, the plan provided that the children shall attend the public school in appellant's district or at his election. The plan then included the following provision with regard to moving:
 "We agree that part of the basis for this shared parenting plan is the proximity of each of our homes to the other's home. We agree that each of us will always keep the other informed of our address and telephone number. Each of us will notify the other of our intent to move to a new address or change our telephone number. We also agree that in the event that either of us moves more than three hours travel time from the other that the Court's Long Distance Parenting Plan becomes the order for division of time without further hearing. In the event that either party intends to move outside the jurisdiction of this Court, said parent shall notify the other parent not later than forty-five days prior to the move, in writing, of said intention to move. The Court, upon the motion of either party, shall then review the Shared Parenting Plan in its totality in light of the contemplated move of either party and rule accordingly in regards to the best interest of the minor children concerning visitation and companionship."
On March 30, 1999, appellant filed in the court below a notice of intent to move with the minor children to Cuyahoga County, Ohio. Appellee responded by filing an objection to the notice of intent to move and a request for a hearing. Appellee further filed a motion for change of custody. On August 5, 1999, the parties and the guardian ad litem appeared before the magistrate on the pending motions. The magistrate, however, did not hold a hearing. Rather, the magistrate set the case for a pretrial for the purpose of examining the custody and relocation issues. To preserve the status quo, the magistrate then issued an order on August 10, 1999, enjoining both parties from removing the children from the jurisdiction of the court except for visitation and companionship purposes. The court further ordered that the children were not to be enrolled in any school district other than the appropriate district within Lucas County.
On August 19, 1999, appellant filed a request for a "rehearing" on the magistrate's injunction and objections to the interim order of August 10, 1999. In particular, appellant asserted that the order was inconsistent with the final judgment entry of divorce or with the circumstances of the case. On August 30, 1999, the trial court issued a judgment entry overruling appellant's objections and affirming the magistrate's order of August 10, 1999. Appellant now challenges that judgment on appeal.
Because appellant's assignments of error are interrelated, they will be addressed together. Appellant contends that the trial court was not authorized by law to enter the injunction at issue herein without first holding a hearing and was not authorized by the divorce decree to enter the injunction in any respect.
Civ.R. 53(C)(3)(a) governs pretrial orders that a magistrate has the authority to enter and reads:
 "Unless otherwise specified in the order of reference, the magistrate may enter orders without judicial approval in pretrial proceedings under Civ.R. 16, in discovery proceedings under Civ.R. 26 to 37, temporary restraining orders under Civ.R. 75(I), in hearings under Civ.R. 75(N), and other orders as necessary to regulate the proceedings."
Accordingly, a domestic relations court magistrate has the authority to enter pretrial orders that are necessary to regulate the proceedings.
In the present case, the trial court entered an order to maintain the status quo until the court could review appellee's motion for a change of custody. That is, it entered an order that was necessary to regulate the proceedings until it could fully evaluate the pending motion. We find that the court was well within its authority to enter this order. In its final judgment entry of divorce, the court expressly reserved jurisdiction for any relevant matters with regard to the children. Moreover, in the Shared Parenting Plan the parties contemplated future moves outside the jurisdiction of the court. The parties then agreed that in the event of such a planned move, the court, upon the motion of either party, would review the Shared Parenting Plan to determine what was in the best interest of the children in regards to visitation and companionship. The court's order maintaining the status quo simply gave the court time to review those issues.
We therefore conclude that the lower court was authorized by law and by the divorce decree to enter the order maintaining the status quo in the case until it could rule on the pending motion for change of custody. We further conclude that the court was not required to hold a hearing before entering such order. Both parties and their counsel were present at the pretrial at which the court indicated it would enter such an order. Therefore, each party had notice of the impending order and an opportunity to be heard on the matter. The first and second assignments of error are therefore not well-taken.
In addition to the present appeal, appellant has filed a post-argument submission of additional authority in this case. Appellee has responded with a motion to strike that additional authority. Appellant's additional authority does not include any arguments but simply cites to the Civil Rules and case law. Accordingly, appellee's motion to strike that additional authority is not well-taken and denied.
On consideration whereof, the court finds that substantial justice has been done the party complaining and the judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.